NANCY HOFFMEIER ZAMORA (State Bar No. 137326)
U.S. Bank Tower
633 West 5th Street, Suite 2600
Los Angeles, California 90071
(213) 488-9411   FAX: (213) 488-9418
e-mail: zamora3@aol.com

Chapter 7 Trustee

FILED & ENTERED

DEC 12 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Pgarcia   DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>JOSEPH LAWRENCE AND<br>CHANDIE YAWN LAWRENCE,<br><br>       Debtors. | Case No. 1:17-bk-11761-MB<br><br>Chapter 7<br><br>ORDER AUTHORIZING TRUSTEE TO SELL PERSONAL PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS<br><br>[refer to docket entry nos. 48, 52]<br><br>DATE: December 6, 2017<br>TIME: 11:00 a.m.<br>CTRM: 303 |

The hearing (the "Hearing") on the Motion for Order Authorizing Trustee to Sell Personal Property Free and Clear of Liens, Subject to Overbid (the "Sale Motion") filed by Chapter 7 Trustee Nancy Hoffmeier Zamora ("Trustee") of the bankruptcy estate (the "Estate") of debtors Joseph Lawrence and Chandie Yawn Lawrence ("Debtors") in the above-entitled bankruptcy case (the "Case") was held on December 6, 2017, the Honorable Martin Barash, United States Bankruptcy Judge, presiding. The Sale Motion is filed as docket no. 48 as corrected by the errata filed as docket no. 52 in the Case.

Trustee appeared as movant. Other appearances were made as noted on the record at the Hearing.

Having read and considered the Sale Motion including the memorandum of points and authorities; declaration in support thereof and exhibits(s) [docket no. 48], the notice of

the Sale Motion [docket no. 49], the notice of sale of estate property [docket no. 50], the Notice of Errata for Notice of Motion and Motion for Order Authorizing Trustee to Sell Personal Property Free and Clear of Liens, Subject to Overbid [docket no. 52], the Amended Notice of Sale of Estate Property [docket no. 53], and such other documents as are filed in the Case; no opposition to the Sale Motion having been filed, notice of the Hearing and of the Sale Motion having been proper; and good cause appearing therefor, the Court hereby finds, as a matter of fact, and concludes, as a matter of law, that:

1. This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334 to approve the sale of the personal property (the "Personal Property") that is the subject of the Sale Motion, free and clear of all liens, encumbrances, claims and interests, and to authorize Trustee on behalf of the Estate in the Case to enter into and perform in accordance with that certain Asset Purchase Agreement (the "Agreement") dated as of November 1, 2017 (the "Execution Date") between Trustee and Structured Asset Sales, LLC ("SAS") as modified by this Order based on the amount of the highest bid of $56,000.000 (the "Highest Bid") made by SAS at the Hearing.  The Sale Motion is a core proceeding pursuant to 28 U.S.C. §§157 and 1334(b)(2)(A), (N) and (O).  The statutory predicates for the relief requested in the Sale Motion are 11 U.S.C. §§105 and 363 and Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 2002, 6004, and 9014.

2. There are no objections to the Sale Motion.

3. The Personal Property consists of certain nonexempt personal property assets of the Estate consisting of all of the Estate's right, title and interest as of the petition date of July 1, 2017 in the Case (the "Petition Date"), in perpetuity, in:

a. Debtor Joseph Lawrence's ("Joey") music catalogue, all of Joey's musical compositions, songs, lyrics, and works written in whole or in part by Joey, all musical compositions performed in whole or in part by Joey, musical productions, recordings, intellectual property, trade names, copyrights, publishing rights, co-publishing rights, writer's share of publishing income, income from artist(s), performance society and society income of any kind, rights to receive license income, mechanical income, performance

income, artist income, producer income, synchronization income, sheet folio income, digital income, electronic income, payments and income from all known and future media created, and payments of any kind from any and all sources worldwide including any publisher, subpublisher, record company and/or administrator, any and all contract rights, audit rights, all records and other documents in any form in possession or under control of Trustee relating to payments and/or income and/or rights of any kind (collectively, the "Music Payments") and for which Trustee has not received payments for the Estate as of the Execution Date;

      b.     All of Joey's right, title and interest in and to all of the residual payments for television and movie performances that Joey completed as of the Petition Date and for which Trustee has not received payments for the Estate (collectively, the "Residuals"); and

      c.     Veritas, Inc. including, but not limited to, contract rights, stock interests, bank accounts, and all Residuals and Music Payments to be paid to Veritas, Inc. and for which Trustee has not received payments for the Estate as of the Execution Date (the "Veritas Assets").

      4.     The Personal Property excludes all payments received by Trustee prior to the Execution Date.

      5.     As set forth in the declarations of service filed with this Court in connection with the Sale Motion, notice of the hearing on the Sale Motion was duly served on (a) Debtors and Debtors' counsel, (b) all creditors and interested parties, (c) each entity known by Trustee to assert a lien, encumbrance, or other interest in, or claim to, the Personal Property to be affected by this Order, and (d) the Office of the United States Trustee, all in accordance with Bankruptcy Rules 2002(a)(2), 2002(c)(1), 2002(i), 2002(k), 6004(a), and 6004(c).

      6.     The Notice complied in all respects with the requirements of the Bankruptcy Code and the Bankruptcy Rules, fully and adequately described the relief requested in the Sale Motion and set forth the means by which the Sale Motion, and all supporting declarations and pleadings could be obtained promptly by a party in interest; provided fair

and reasonable notice under the circumstances of this Case with respect to the deadlines and procedures for objecting to the relief requested in the Sale Motion, and set forth the date, time, and place for the hearing on the Sale Motion.

7. Trustee has engaged in fair and reasonable marketing, advertising and other sale efforts and procedures in connection with the sale of the Personal Property, which efforts and procedures have enabled the Estate to obtain a fair and reasonable price for the Personal Property under the circumstances of this Case. In connection with the proposed sale, Trustee has complied with all sale procedures established or required by this Court.

8. The highest and best offer to purchase the Personal Property was the Highest Bid in the amount of $56,000.00 received from SAS to purchase the Personal Property on the terms and conditions set forth in the Agreement and in the Sale Motion. Trustee is in receipt of and has deposited into the Estate bank account the entire amount of the Highest Bid tendered by SAS after the Hearing.

11. SAS is unrelated to Debtor and Trustee. The Agreement was negotiated, proposed, and entered into by the parties without collusion, in good faith, and from arm's length bargaining positions. Neither Trustee nor SAS has engaged in any conduct that would cause or permit the Agreement, or the transactions contemplated thereby, to be invalidated or avoided under 11 U.S.C. §363(n). Accordingly, upon consummation of the sale transaction contemplated by the Agreement and the Sale Motion, SAS will be a buyer in "good faith" within the meaning of 11 U.S.C. §363(m), and, as such, is entitled to the protections afforded thereby.

12. The terms and conditions of the sale transaction as provided for in the Agreement and the Sale Motion are fair and reasonable; entry into the Agreement on behalf of the Estate is a sound exercise of Trustee's reasonable business judgment, and the sale transaction contemplated by the Agreement is in the best interests of creditors and the Estate.

. . . . .

Based on the record in the Case, the findings of fact and conclusions of law set forth above and stated on the record pursuant to Bankruptcy Rules 9014 and 7052, and good cause appearing therefor,

**IT IS HEREBY ADJUDGED AND ORDERED** that:

A.  The Sale Motion is approved in its entirety and granted as set forth herein;

B.  The terms, conditions, and transactions contemplated by the Agreement are hereby approved in all respects, and Trustee is hereby authorized under 11 U.S.C. §§105(a) and 363(b), (c), (f) and (m) to sell the Personal Property on an "as-is, where-is" basis, with no representations or warranties regarding the Personal Property, and with no contingencies, free and clear of all liens, claims, encumbrances, and interests to SAS on the terms and conditions set forth in the Agreement and the Sale Motion as modified by the Highest Bid;

C.  Trustee is hereby authorized, empowered, and directed to (1) perform under, consummate, and implement the Agreement, (2) execute all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement and the transactions contemplated thereby and to sell, assign, transfer, and convey the Personal Property to SAS for the Highest Bid, (3) take all further actions as may be necessary or appropriate for the purposes of assigning, transferring, granting, or conveying the Personal Property as contemplated by the Agreement and the Sale Motion, and (4) take such other and further steps as are contemplated by the Agreement and the Sale Motion or reasonably required to fulfill Trustee's obligations under the Agreement and the Sale Motion, without further order of the Court;

D.  The sale of the Personal Property shall be free and clear of the ownership interests of Debtors and their respective predecessors and successors in interest; any equitable or legal interests in the Personal Property asserted by any person or entity, or his/her/its respective predecessors and successors in interest; the claims or interests asserted by any person or entity, or his/her/its

respective predecessors or successors in interest, against the Estate which do not constitute valid and perfected liens against or interest in the Personal Property; and the claims or interests asserted by any person or entity, or his/her/its respective predecessors or successors in interest.

E.    Trustee is the duly appointed Trustee for the Estate, the Personal Property is property of the Estate pursuant to 11 U.S.C. §541, and pursuant to federal law and this Order, Trustee is the sole person authorized to sell the Personal Property, Trustee (alone) has the power to and is specifically authorized by this Court to execute, on behalf of the Estate, any and all documents necessary to sell, transfer, assign, and convey the Personal Property to SAS, including, but not limited, to the Agreement, bill(s) of sale, and various assignments, and that no signatures are necessary from Debtors;

F.    There shall be no liability to Trustee or her professionals, in any capacity, by virtue of the consummation of the sale approved herein or by virtue of the failure of such sale to consummate;

G.    The Court shall and hereby does retain jurisdiction to (1) enforce and implement the terms and provisions of the Agreement, all amendments thereto, any waivers and consents thereunder, and any other supplemental documents or agreements executed in connection therewith, (2) compel delivery and payment of the consideration provided for under the Agreement, the Sale Motion and this Order, (3) adjudicate any disputes, controversies, or claims under Title 11 of the United States Code arising out of or relating to the Agreement, the Sale Motion, and the sale approved herein; and (4) interpret, implement and enforce the provisions of this Order;

H.    Trustee is authorized to refund to all qualified bidders their respective earnest money deposits, including issuing checks from the Estate bank account as may be required;

. . . . .

I.  Consistent with the Agreement, Trustee is authorized to issue a check to SAS for any and all payments received by Trustee after the Execution Date, with such amount currently $589.05, but subject to increase;

J.  This order shall be effective immediately upon entry, that the stay of this order imposed by Federal Rule of Bankruptcy Procedure 6004(h) and any other applicable bankruptcy rules is waived, and that the effectiveness of this Order shall not be affected by the 14-day statutory appeal period unless the Court enters a stay of this Order to sell the Real Property pending appeal;

K.  Pursuant to 11 U.S.C. §363(m) SAS is a "good faith purchaser" and is entitled to the protections thereof; and, absent a stay of this Order pending appeal, the reversal or modification on appeal of this Order or any provision thereof, shall not affect the validity of the sale transaction approved hereby which is consummated prior to such stay, reversal, or modification on appeal;

L.  The validity of the sale approved hereby shall not be affected by the appointment of a successor trustee, dismissal of the Case, or conversion of the Case to another chapter under Title 11 of the United States Code;

M.  The notice of the Hearing, of the Sale Motion, and of the sale is proper and adequate; and

N.  The terms of this Order shall control to the extent that there exist any inconsistencies between and among the Sale Motion, the Agreement, and this Order.

\# \# \# \# \#

Date: December 12, 2017

*Martin R. Barash*
Martin R Barash
United States Bankruptcy Judge